Nott, J.
The principal question in this case, is, whether parol evidence ought to have been admitted to shew that the sheriff had levied on and sold the part oftheland only which John Miller acquired by descent, and not that which *272 he acquired by purchase. There are two classes of cases iu which parol evidence is admissible to explain or carry into effect a deed. One is where the deed itself refers to any thing of which it does not itself furnish evidence. There parol evidence must necessarily be resorted to. Thus if a man should sell ail the slaves which he owned at a particular place, parol evidence must necessarily be admitted to prove the number of slaves which he had at that place at the time. So if a man should convey the share of his fathers estate to which he was entitled by inheritance, parol evidence must necessarily be admitted to show how much he was thus entitled to.
The other class of cases is where the deed upon its face is certain, but some ambiguity is raised by parol evidence, there the ambiguity may be removed by parol also. Such is the case put in the books where a man devised land to his sou John and it appeared that he had two sons of that name. In that case parol evidence was admitted to shew for which of the sons the devise was intended. The case now under consideration, appears to me to come within both the classes which I have mentioned.
The levy on the execution is in the following words: " Levied on 100 acres of land more or less whereon the defendant now lives being a part of an undivided tract adjoining lands of &.c.” The sheriff’s return of the sale is in the following words: “ I have sold the above described tract or plantation of land.” In the deed he discribes it as a tract of land containing u one hundred acres, more or less,” being the “ undivided part of a tract of land belonging to the estate of John Miller deceased.” If this deed had mentioned one hundred acres, without any qualification, there would have been no ambiguity on its face. But it is for one hundred acres" more or less, being the undivided part, &c.” The object was to sell that part of the undivided tract of land which belonged to John Miller the son But being uncertain how much his part would he, it became necessary to resort to *273 parol evidence to establish that fact. With regard to the admissibility of that testimony there was no question. But the parol evidence created another ambjguity which has given >ise to the question now under consideration. It was diss. covered that John Miller was entitled to one share by inheritance, being thirty acres, and another by purchase, which together would make sixty acres.' And now the question occurs, whether parol evidence shall be admitted to prove that the sheriff levied on and sold only the thirty acres which he was entitled to by inheritance. The rule that where an am- " oiguity is created by parol it may be removed by parol was never intended to violate the other rule of law, that a deed "shall not be contradicted or explained by inferior testimony. If, therefore, when an ambiguity is created by parol the deed, itself removes the ambiguity it cannot be controlled. -Thus if a man convey to his son John a house in the town of. Columbia, “ being the house in which he now lives,” proof that he had two cons-of that name would render it uncertain which of the two was meant. But if by the same testimony it should appear that ene of those sons was in Europe at the time the deed ivas made, and the other living in the house, the deed itself would remove the doubt of its being made to him who was then living in the house. Let us test the case now before us by those rules? The undivided part of the land which John Miller owned contained sixty acres. Thirty by Inheritance and thirty by purchase. The deed conveys one hundred acres more or less. Now, although it was uncertain how much was conveyed until it was ascertained by parol evidence how much John Miller owned of the undivided tract, as soon as it w:as ascertained that he owned sixty acres, ■and that one hundred-had been conveyed, the ambiguity was removed; because the deed contained more than both his shaves amounted to. Sf the deed had been for fifty acres, and it had been shown that his inheritance amounted to only thirty, but that lie had acquired as much more by purchase the am•biguity would still have remained. For in one view, it would *274 have been too little, and parol evidence, therefore, might have been let in, to have removed the doubt. But the deed, in this instance, removes the doubt; as it conveys all that he owned within one hundred acres; which embraced both shares. And to have admitted parol evidence to prove that a part only of what John Miller owned, was intended to be conveyed when the conveyance embraced all and more than all that he owned, would have been a direct contradiction of the deed itself.
Peareson and Clendinen for the motion.
Clarke contra.
But it is contended, that as the number of acres mentioned in the levy is in figures and appears to have been altered from fifty to one hundred, parol evidence ought to have been admitted to account for that alteration. There is some appearance of such an alteration having been made. But if so, it has been made by the plaintiff himself; for the execution has always been in his own hands. And in the deed, which was made by him in pursuance of that levy, the words “ one hundred acres,” are written in full, which furnishes higher evidence of the levy and sale than could be derived from oral testimony. I am of opinion, therefore, that the parol evidence was properly rejected, and that this motion must be refused.